IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC JERMAINE MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11cv395-WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff, Eric Jermaine McCall, applied for Supplemental Security Income benefits under XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-83c. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. §

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #8); Def.'s Consent to Jurisdiction (Doc. #9).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

### III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-six years old at the time of the hearing before the ALJ.  Tr. 20. Plaintiff completed the eighth grade and had past relevant work experience as a: poultry hanger; woodworking shop laborer; warehouse worker; tree trimmer helper; and car part assembler.  Tr. 25.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date of April 3, 2008.  (Step 1) Tr. 19.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairment:  "Degenerative disease of the cervical and lumbar spines."  *Id*.  The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Step 3)  *Id*.  Next, the ALJ found that Plaintiff "had the residual functional capacity to perform medium work . . . except that he is restricted to the limitations/capabilites set forth in Dr. Freij's 'Medical Source Statement [].'"  *Id*.  The ALJ then found that Plaintiff is able to perform his past relevant work as a car part assembler.  (Step 4) Tr. 25.  The ALJ next found that, "[c]onsidering the claimant's age, education, work experience, and [RFC]," and after consulting with a vocational expert, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 26.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . since April 3, 2008."  *Id*.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this Court's consideration in review of the ALJ's decision: (1) whether the ALJ failed to properly evaluate the opinion of Plaintiff's treating source; and (2) whether the ALJ's RFC findings are based on substantial evidence. Pl.'s Brief (Doc. #11).

## V. DISCUSSION

### A. *Whether the ALJ failed to properly evaluate the opinion of Plaintiff's treating source.*

Plaintiff argues that his "main treating physician, chiropractor Dr. James Gordon, has indicated on two separate occasions that Plaintiff would be incapable of performing work activities due to severe and debilitating pain related to degenerative disc disease" and that "[i]f the ALJ had given Dr. Gordon's opinion proper weight, the ALJ would have found Plaintiff disabled based upon these severe impairments." Pl.'s Brief (Doc. #11) at 3. While Plaintiff acknowledges that a chiropractor is not an "acceptable medical source," he still appears to argue that chiropractor Gordon's opinion should have been entitled to substantial weight.[5] However, the opinion of a chiropractor is entitled to the same weight as "other" sources, as defined in 20 C.F.R. § 416.913(a). *See Crawford v. Comm'r of So. Sec.*, 363 F.3d 1155 (11th Cir. 2004). The ALJ is free to accept or reject such an opinion.

---

[5] Plaintiff starts this section of his brief by citing case law appropriate to treating physicians, then describes chiropractor Gordon as a treating physician.

In this case, the ALJ clearly rejected chiropractor Gordon's opinion that Plaintiff was unable to perform work activities. Indeed, the ALJ noted that chiropractor Gordon's notes indicated that Plaintiff's prognosis was "good" and that Plaintiff had shown "considerable relief of his symptomatic state." Tr. 22. As stated above, the ALJ was free to disregard the chiropractor's opinion, especially here, where the chiropractor was opining that Plaintiff was "incapable of performing work activities." Such ultimate questions of disability are left to the ALJ, "and a statement by a medical source that a claimant is 'disabled' or 'unable to work' is not binding on the ALJ."[6] *Symonds v. Astrue*, 448 F. App'x 10, 13 (11th Cir. 2011) (citing 20 C.F.R. § 404.1527(e)).

Plaintiff also appears to argue that the chiropractor's opinion should have been given substantial weight because it was supported by Dr. Freij's opinion. Pl.'s Brief (Doc. #11) at 4. This is not the case. Dr. Freij did not opine that Plaintiff was disabled.[7] Dr. Freij did note limitations in the Medical Source Statement and the ALJ incorporated those limitations in the RFC. Thus, Plaintiff has failed to show the ALJ erred in rejecting the chiropractor's opinion that Plaintiff was unable to perform work activities.

**B.     *Whether the ALJ's RFC findings are based on substantial evidence.***

Here, Plaintiff states that the ALJ's "adoption of Dr. Freij's residual functional

---

[6] Even more so here, where the chiropractor is not an acceptable medical source.

[7] No acceptable medical source opined that Plaintiff was disabled.

capacity for so called 'medium work' is very problematic because the ALJ did not resolve rather apparent inconsistencies in this physician's Medical Source Statement." Pl.'s Brief (Doc. #11) at 10.  Plaintiff does not argue that the Medical Source Statement contains internal inconsistencies.  Rather, Plaintiff argues that the ALJ's determination that Plaintiff could perform medium work is inconsistent with Dr. Freij's opinion that Plaintiff would be unable to perform many of the tasks associated with medium work.

The Court believes that this argument may be based on a misunderstanding with the way the RFC was formulated in this case.  Here, the ALJ determined that Plaintiff could "perform medium work . . . except that he is restricted to the limitations/capabilities set forth in Dr. Freij's 'Medical Source Statement.'" Tr. 19.  In other words, Plaintiff is able to perform medium work, except as to the limitations set forth in the Medical Source Statement. So, where medium work requires a task that is inconsistent with the limitations listed in the Medical Source Statement, that task would be excluded.  Taking these limitations into account, the ALJ determined that Plaintiff could perform past relevant work as a car part assembler and that Plaintiff was not disabled.  Plaintiff fails to identify how that determination is inconsistent with the RFC, or to point to acceptable medical evidence of record to suggest he could not return to his past relevant work, which was classified as light, unskilled.  Accordingly, this argument is without merit.

## VI.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes that,

for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

    Done this 29th day of May, 2012.

                                      /s/ Wallace Capel, Jr.
                                      WALLACE CAPEL, JR.
                                      UNITED STATES MAGISTRATE JUDGE